## UNITED STATES of America, Plaintiff-Appellee,

v.

## Stanley WEBSTER, Defendant-Appellant.

### No. 79–1871.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1980.

Decided May 6, 1980.

Richard E. Reilly, Milwaukee, Wis., for defendant-appellant.

Elizabeth Adelman, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, WOOD, Circuit Judge, and JAMESON, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

At issue is the appropriate jury instruction to be given when the defendant is charged with a violation of Sec. 113(f), Title 18, assault resulting in serious bodily injury.[1] The admitted assault took place on May 21, 1979 on the Menominee Indian Reservation in Wisconsin. Assault on the reservation comes within the provisions of Sec. 113 by reason of Sec. 1153 of Title 18.[2]

---

* Senior District Judge William J. Jameson of the District of Montana is sitting by designation.

1. The whole of Sec. 113, Title 18, is set forth as defendant bases his argument in part upon the whole section:

> Sec. 113. Assaults within maritime and territorial jurisdiction.
> Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
> (a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.
> (b) Assault with intent to commit any felony, except murder or rape, by fine of not more than $3,000 or imprisonment for not more than ten years, or both.

(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.
(d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both.
(e) Simple assault, by fine of not more than $300 or imprisonment for not more than three months, or both.
(f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both.

2. Section 1153 of Title 18, entitled "Offenses Committed Within Indian Country" provides in pertinent part:

The defendant, Stanley Webster, together with his brother, Daniel Webster, members of the tribe, were found guilty of the Sec. 113(f) assault by the jury and sentenced. Daniel Webster dismissed his appeal. We affirm the conviction of Stanley Webster.

The facts are undisputed. As a result of a quarrel, Stanley Webster assaulted Hudson Moore knocking him to the ground. Joined by his brother, they kicked and stomped Moore into seeming unconsciousness. The assault lasted about 15 to 20 minutes. Moore suffered severe bruises, lacerations, loss of teeth and fractures. In spite of those serious injuries the government concedes that Moore was not in immediate danger of losing his life, although complications arising from the injuries might have proved fatal as Moore was a leukemia victim.

The defendant argues that there is no "serious bodily injury" violation of Sec. 113(f) unless there is a high probability of death and that the jury must be so instructed. The defendant offered an instruction to that effect which was refused.[3] The jury instead was instructed that

> The phrase "serious bodily harm as used in the statute means something more than slight bodily injury and it means bodily injury of a grave and serious nature."

The defendant argues that a review of all the subsections of Sec. 113 identifying the various degrees of assault suggests that the subsection (f) assault resulting in serious bodily injury should be viewed as more serious than the given instruction indicated. In support of that argument the defendant points out that punishment for a subsection (f) violation is only exceeded by the penalties for assault with intent to commit murder or rape which evidences Congressional intent that subsection (f) apply only to the most serious bodily injury assaults.

■ We do not believe that the statutory structure of assault penalties adds anything to the definition of a Sec. 113(f) assault. If Sec. 113(f) is reserved for assaults creating a high probability of death as defendant claims, then the defendant would only be punishable under Sec. 113(d) for assault by striking or beating with a possible maximum imprisonment of six months, not ten years. We see no indication that Congress intended to leave such an obvious structural gap providing only a nominal penalty for vicious assaults which although serious do not create a high probability of death. Some of the other degrees of assault, Sec. 113(c) for example, would carry a greater potential penalty even though no actual battery occurred.

The defendant seeks some support for his position by inference from the cases of *United States v. Eagle*, 586 F.2d 1193 (8th Cir. 1978); *United States v. Knife*, 592 F.2d 472 (8th Cir. 1979); and *United States v. Palmer*, 604 F.2d 64 (10th Cir. 1979). Those cases did not produce any amplification of the meaning of serious bodily injury as used in Sec. 113.

The defendant also seeks support from some state cases: *State v. Fuger*, 170 Mont. 442, 554 P.2d 1338 (1976); *People v. Ybarra*, 543 P.2d 529 (Colo.App.1975); and *People v. Martinez*, 189 Colo. 408, 540 P.2d 1091 (1975). But, as in Wisconsin, those cases were construing state statutes which statutorily define serious bodily injury, and are therefore not applicable.

We see no need to try to amend the statutory language in Sec. 113(f) by a nar-

---

Any Indian who commits against the person or property of another Indian or other person . . . assault resulting in serious bodily injury . . . shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

Great bodily harm means bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of a function of any bodily member or organ or other serious bodily injury.

**3.** The defendant's tendered instruction taken from the Wisconsin Criminal Jury Instruction No. 1240 reads as follows:

rowing instruction. There is no mystery to the words "serious bodily injury." Those are words in general use by laymen in their everyday affairs. There is no indication that Congress in adopting such commonly used terms intended to include only the very highest degree of serious bodily injury. If it did so intend, it could have adopted a statute patterned after Wisconsin and other states with limiting language in the statute.

 We believe the given instruction correctly cautioned the jury that to find the defendant guilty of a Sec. 113(f) violation the injury would have to be more than slight and of a grave and serious nature.

Affirmed.