**UNITED STATES of America, Appellee,**

v.

**Pauline Joyce BIG CROW, Appellant.**

**No. 83–1730.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1984.

Decided Feb. 14, 1984.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., Robert A. Mandel, Asst. U.S. Atty., Pierre, S.D., for appellee.

Stanley E. Whiting, Day, Grossenburg & Whiting, Winner, S.D., for appellant.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

BRIGHT, Circuit Judge.

Pauline Joyce Big Crow appeals from her conviction on two counts of simple assault and her sentence on both counts to a total of six months' incarceration. Appellant alleges that the trial court erred in failing to give a specific instruction that the accidental infliction of an injury does not constitute an assault. We affirm.

The record discloses that during an altercation on the Rosebud Indian Reservation, Big Crow discharged a .22 caliber rifle and, as a result, Yvonne Marie Black Lance was shot in the lower back. Following this incident, the United States indicted Big Crow. Count I of the indictment charged Big Crow with assaulting Black Lance with a .22 caliber rifle with intent to do bodily harm in violation of 18 U.S.C. § 113(c). The second count asserted that Big Crow had assaulted Black Lance, resulting in serious bodily injury to her, in violation of 18 U.S.C. § 113(f).

The evidence reveals some dispute about what actually happened on October 2. According to prosecution witnesses, Big Crow fired several shots from a rifle in the direction of the Black Lance family. Defense witnesses maintained that Big Crow fired the rifle accidentally when her brother attempted to jerk the weapon away from her. Some evidence indicates that Big Crow fired in self-defense. In any event, the jury rejected the charges in the indictment and found Big Crow guilty of the lesser included offenses of simple assault and assault by striking, beating, or wounding.

Big Crow contends that the district court erred in refusing to give a proffered instruction relating to her theory of the case, which read:

You are instructed that an accidental or unintentional infliction of an injury upon another does not constitute an assault with a dangerous weapon with intent to do bodily harm or an assault resulting in serious bodily injury. Before you can find the accused guilty of the charges contained in the indictment, you must find beyond a reasonable doubt that the accused acted with the specific preconceived intent to inflict an assault upon the body of Yvonne Black Lance.

If the United States does not prove beyond a reasonable doubt that the accused acted willfully and intentionally in assaulting Yvonne Black Lance, then you must find the accused, "Not Guilty" under the charges contained in the indictment. An accused who accidentaly [sic] or unintentionally injures another is not guilty of assault with a dangerous weapon with the intent to inflict bodily injury or assault resulting in serious bodily injury.

The accused is not required to prove such defense beyond a reasonable doubt, but only by evidence sufficient to create or leave in the minds of the jury a reasonable doubt as to whether the assault was accidental or unintentional.

Big Crow argues that the instructions as given, omitting as they did a specific instruction on accidental discharge, failed to adequately apprise the jury of her theory of defense.

■ We agree with Big Crow that, because defense testimony supported her theory, an instruction on accidental discharge would have been appropriate in this case. *See, e.g., United States ex rel. Means v. Solem,* 646 F.2d 322, 331 (8th Cir.1980). The failure to give a particular instruction, however, does not require reversal in the absence of prejudice. *United States v. Richmond,* 700 F.2d 1183, 1196 (8th Cir. 1983). In this case, the proffered instruction not only incorrectly stated the law,[1] but did not encompass the lesser included offenses of which Big Crow was actually convicted. Under these circumstances, we cannot say that the district court's refusal to give the proposed instruction resulted in prejudice.

Although a correct and complete instruction on accidental discharge would have been appropriate and might have been desirable, we believe the court's instructions, as a whole, adequately and correctly covered the substance of the requested instruction. The court advised the jury that the offenses had to be intentional and that to

---

1. The instruction incorrectly indicated that specific intent is an element of both offenses charged in the indictment. Assault resulting in serious bodily injury requires only general intent. *United States v. Knife,* 592 F.2d 472, 482 (8th Cir.1979). In addition, it is questionable whether assault with a dangerous weapon requires specific intent to do bodily harm to a *particular individual,* in this case Yvonne Black Lance, as indicated in the proposed instruction.

act with intent meant to act "consciously and voluntarily and not inadvertently or accidentally." Under these instructions, defense counsel certainly could, and presumably did, argue that Big Crow was not guilty of even the lesser included offenses because Black Lance's injury resulted from the accidental discharge of the rifle. Accordingly, we affirm the district court.[2]

McMILLIAN, Circuit Judge, concurring in the judgment.

A defendant is entitled to a theory of defense instruction if a timely request is made, the proffered instruction correctly states the applicable law and there is evidence to support it. In the present case the proffered defense instruction did not correctly state the applicable law, *see supra* p. 975 & note 1, and therefore was not a proper request. For this reason, I concur in the judgment.

Assuming for purposes of argument that a proper request for a theory of defense instruction had been made, I would reverse and remand for a new trial. First, I think that the erroneous refusal of a proper request for a theory of defense instruction is reversible error, unless the only claim of error raised on appeal is that a specifically worded instruction was refused. Second, I would not agree that the instructions given, considered as a whole, adequately advised the jury of the substance of appellant's accidental discharge theory of defense. I would not agree that the intent instruction was sufficient.

---

**2.** A trial court has some discretion in framing instructions, *United States v. Lewis,* 718 F.2d 883 (8th Cir.1983), and this record certainly discloses no abuse of that discretion. Because a specific instruction on accidental discharge would have been appropriate, however, and considering that eight of Big Crow's children (seven of them minors) live with her in her home, we suggest that on remand of this case the district court may wish to modify the incarceration aspect of the sentence, should counsel for Big Crow request reduction of the sentence pursuant to Fed.R.Crim.P. 35.