UNITED STATES of America,
Plaintiff-Appellee,

v.

Janet HOGUE, Defendant-Appellant.

No. 84–1154.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 14, 1984.

Decided Feb. 8, 1985.

Lamond Mills, U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Randall J. Roske, Asst. Federal Public Defender, Las Vegas, Nev., for defendant-appellant.

Before DUNIWAY, KENNEDY, and ANDERSON, Circuit Judges.

KENNEDY, Circuit Judge:

Janet Hogue appeals her conviction of an offense that will not be recorded in the annals of major crime. The issue she raises, though, merits careful consideration. Hogue had parked her car in a remote part of the Lake Mead Recreation Area, a national park, to sleep off the effects of an ample portion of beer she had consumed earlier in the evening. She was discovered by park rangers at about 10:45 p.m. Her car was not parked in a designated campground, and Hogue, wearing high heeled shoes, was not attired for camping. The rangers detected a strong odor of alcohol from the car's open window and saw two empty beer cans in the front of the car and ten in the back. They awakened Hogue, administered a sobriety test, and determined she was intoxicated. Hogue was cited for a violation of 36 C.F.R. § 2.16(a) (1983), convicted before a federal magistrate, and fined $25.00. We affirm the conviction.

The regulation in question provides:

(a) Presence in a park area when under the influence of alcohol, to a degree that may endanger oneself, or another person, or property, or may cause unreasonable interference with another person's enjoyment of a park area is prohibited.

(The successor provision of this regulation is codified at 36 C.F.R. § 2.35(c) (1984)).

Hogue contends the regulation is vague. Her principal point is that there is imprecision in the word "may" in the clause prohibiting intoxicated presence to a degree that "may endanger oneself or another person or property."

Where speech is not the explicit subject of a statute or regulation and is not otherwise implicated in the case, and if related constitutional rights are not expressly invoked in a challenge to facial validity, we need only examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute or regulation, the conduct in question is prohibited. *See United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975) (citations omitted); *United States v. Mussry*, 726 F.2d 1448, 1454 (9th Cir.1984). *Cf., Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 1859, 75 L.Ed.2d 903 (1983). Under these principles, we do not address whether the prohibition before us may be vague or overbroad in its other potential applications. *United States v. Mazurie*, 419 U.S. at 550, 95 S.Ct. at 714.

The word "may" does not render the regulation imprecise to a fatal degree. The rule of strict construction for criminal laws does not permit us to ignore the evident purpose of an enactment, *United States v. Campos-Serrano*, 404 U.S. 293, 298, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971), and the evident purpose of this regulation is to prohibit the creation of unreasonable and unnecessary risks in federal park lands. Application of the regulation to Hogue is consistent with this purpose and with a fair and reasonable interpretation of the language used. The criminal law can punish certain types of conduct that pose the risk of injury whether or not the injury occurs.

A criminal sanction is not vague if it provides fair notice of the conduct proscribed. *United States v. Pruit*, 719 F.2d 975, 977 (9th Cir.) (per curiam), *cert. denied*, — U.S. —, 104 S.Ct. 536, 78 L.Ed.2d 716 (1983). A defendant is deemed to have fair notice of an offense if a reasonable person of ordinary intelligence would understand that his or her conduct is prohibited by the rule in question. *United States v. Bohonus*, 628 F.2d 1167, 1173–74 (9th Cir.), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980). That close questions may arise in interpreting the language of a statute or regulation does not, without more, render the enactment vague. *United States v. Mussry*, 726 F.2d at 1455. *See also Budd v. Madigan*, 418 F.2d 1032, 1035 (9th Cir.1969) (California penal statute regulating intoxication in public places is not vague where ordinary

terms are used to describe phenomena of common usage and understanding), *cert. denied,* 397 U.S. 1053, 90 S.Ct. 1394, 25 L.Ed.2d 669 (1970).

While Hogue may have thought it idyllic to slumber in a solitary wilderness, we think it reasonable to conclude she endangered herself in these circumstances. Hogue, her abilities substantially impaired from alcohol, was alone in a national park at night, unequipped for camping, asleep in a vehicle with an open window, not within a designated campground or shelter. That conduct constitutes the violation punishable under the regulation. In her vulnerable condition, Hogue could neither defend herself against humans or animals, nor take care of herself had she to leave her car for any reason. Ironically, her only means of escape from danger was her automobile, which she was in no condition to drive. After park rangers discovered her in this condition, they would have acted irresponsibly had they left her unattended. The law acts reasonably in prohibiting the creation of such a risk in the confines of a national park.

The record does not indicate how Hogue arrived at the Lake Mead Recreation Area or what her condition was at the time. Even on the plausible assumption, however, that she made a conscious decision not to drive, thereby avoiding the commission of a more serious offense, it does not follow that she is immune to prosecution. The law does not exonerate one who forces an election between evils and chooses the lesser of the two. The magistrate gave proper recognition to Hogue's presumed decision not to drive while intoxicated by setting the fine at $25.00, a nominal amount considering the statute · provides for a maximum sentence of up to $500.00, or imprisonment not exceeding six months, or both. 16 U.S.C. § 3 (1982). The sentence afforded all the mitigation needed for Hogue's dilemma.

■ Hogue argues that even if the regulation is not vague, her conviction was based on insufficient evidence. Hogue's conviction was based on the finding that her physical abilities were so impaired due to alcohol that she might have endangered herself or other persons. The evidence recited is sufficient to support the finding, and Hogue's conviction must stand.

AFFIRMED.