UNITED STATES of America, Plaintiff,

v.

Russell Tyrone
FITZGERALD, Defendant.

No. CR–87–20060–WAI.

United States District Court,
N.D. California.

Sept. 24, 1987.

Marcia J. Allmand, Asst. U.S. Atty., San Jose, Cal., for plaintiff.

Daniel F. Cook, Asst. Federal Public Defender, San Jose, Cal., for defendant.

## ORDER

INGRAM, District Judge.

The defendant's motion to dismiss counts two and three of the indictment came on regularly for hearing on August 10, 1987. Upon consideration of the papers submitted and argument of counsel, it is HEREBY ORDERED that the motion to dismiss is DENIED.

### I. *Introduction*

The defendant Russell Tyrone Fitzgerald was indicted on June 9, 1987 on one count of assault with a dangerous weapon with the specific intent to do bodily harm, in violation of 18 U.S.C. § 113(c), and on two counts of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(f).[1] The indictment alleges that each assault offense was committed by the defendant at Fort Ord in the County of Monterey, which is an area within the special maritime and territorial jurisdiction of the United States for purposes of 18 U.S.C. § 113, recognized as the federal assault statute.

The defendant has moved to dismiss counts two and three of the indictment on three different grounds. First, the defendant claims that the phrase "serious bodily injury" under 18 U.S.C. § 113(f) is unconstitutionally void for vagueness. Second, the defendant contends the indictment is insufficient for failing to state the element of "serious bodily injury" with factual specificity. Finally, the defendant asserts that the indictment inadequately alleges the element of intent for a section 113(f) offense. Each of these contentions is considered below.

### II. *Whether Section 113(f), As Applied, Is Void For Vagueness?*

#### A. *Vagueness Standard*

■ To withstand a challenge of vagueness, in violation of due process, a statute must afford fair notice and, more importantly, fair enforcement. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 371, *reh'g denied,* 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476 (1982) (citing *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972)). *See also Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983) (noting that "the requirement that a legislature establish minimal guidelines to govern law enforcement" is more important relative to the requirement of fair notice); *United States v. Hogue,* 752 F.2d 1503, 1504 (9th Cir.1985) ("A criminal sanction is not vague if it provides fair notice of the conduct proscribed.") (citation omitted). In considering the fair notice and fair enforcement of an enactment, a stricter standard must be applied to statutes containing criminal, as opposed to civil, penalties. *Hoffman Estates,* 455 U.S. at 499, 102 S.Ct. at 1193, 71 L.Ed.2d at 372.

There being no implication of constitutionally protected speech or conduct to support a challenge of facial vagueness or overbreadth, and the defendant not expressly asserting that any constitutionally protected conduct is chilled by operation of the challenged enactment, this court only

---

1. 18 U.S.C. § 113 provides in pertinent part:
   Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
   ....
   (c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for more than five years, or both.
   ....
   (f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both.

considers "whether the defendant[ ] had fair notice that the conduct [he] allegedly engaged in was prohibited." *United States v. Mussry*, 726 F.2d 1448, 1454 (9th Cir.) (appellate review of district court dismissal of several counts in the indictment) (citing *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706, 714 (1975)), *cert. denied sub nom., Singman v. United States*, 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984). *See also Hogue*, 752 F.2d at 1504; *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1348 (9th Cir. 1984); *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir.), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980); *United States v. Broncheau*, 597 F.2d 1260, 1263 (9th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979); *United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir.1977); *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir.1976) (reversing district court dismissal of indictment and holding that statutory term "assault" within 18 U.S.C. § 113(c) was not unconstitutionally vague).[2]

### B. *"Serious Bodily Injury"*

Because this is the first constitutional challenge on vagueness grounds to the statutory terms "serious bodily injury" as used in 18 U.S.C. § 113(f),[3] this court considers the plain meaning or common sense meaning of "serious bodily injury," the judicial construction of these terms under the statute as considered in other contexts, and the common law meaning of the phrase.

**2.** For this reason, the court does not consider the defendant's contentions of hypothetical invalidity under the statute, including the claim that "any act, conscious or unconscious" may subject the actor to the penalties within section 113(f), that the provision is "left open to multiple interpretations and possible abuse," or that the terms in question are potentially "open to the discretion of prosecutors, juries, and judges." Defendant's Memorandum in Support of Motion to Dismiss, at 6, 7, 8 (filed Aug. 4, 1987).

**3.** To the knowledge of the court and the parties, this motion represents the first constitutional challenge on vagueness grounds to the phrase

### 1. *Plain Meaning or Common Sense Meaning*

The parties are in agreement that "[t]he ultimate test of whether a statute is unconstitutionally vague depends on the common understanding of its terms."[4] As the Supreme Court has noted on this point, "although the prohibitions may not satisfy those intent on finding fault at any cost, they [must be] set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." *Civil Service Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548, 578–579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796, 816 (1973) (cited in *Broaderick v. Oklahoma*, 413 U.S. 601, 608, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830, 837 (1973)). *See also Mussry*, 726 F.2d at 1455 ("Although close questions may arise in interpreting the language of a criminal statute, that alone does not render a statute unconstitutionally vague.") (citation omitted).

The statute does not define the phrase "serious bodily injury." However, the court believes that the plain meaning of the phrase is ascertainable and that the terms have a common understanding, as revealed by a review of common dictionary definitions. In a standard legal dictionary, "serious" is defined as "[i]mportant; weighty; momentous, grave, great, as in the phrases 'serious bodily harm,' 'serious personal injury,'." Black's Law Dictionary 1226 (5th ed. 1979). According to the same authority, the terms "bodily injury" "[g]enerally refer[ ] only to injury to the body, or to sickness or disease contracted by the in-

"serious bodily injury" in 18 U.S.C. § 113(f). However, the same statute has been subjected to similar attack. In *United States v. Dupree*, 544 F.2d 1050 (9th Cir.1976), the Ninth Circuit reversed a district court which had dismissed an indictment on the basis that the term "assault" in 18 U.S.C. § 113(c) was unconstitutionally vague.

**4.** *See* Defendant's Memorandum in Support of Motion to Dismiss, at 8 (filed Aug. 4, 1987) (citations omitted); United States' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts Two and Three of the Indictment, at 7 (filed Aug. 6, 1987).

jured as a result of injury." *Id.* at 159. Another legal dictionary notes that the phrase "serious bodily injury" describes "[a]n injury which gives rise to apprehension; an injury which is attended with danger." In elaborating on this point, this authority states that "[t]he word 'serious,' when used to define the degree of bodily harm or injury apprehended, requires or implies as high a degree as the word 'great,' and the latter word means high in degree, as constradistinguished from trifling." Ballentine's Law Dictionary 144 (3d ed. 1969) (citations omitted).

These meanings are in accord with more common dictionary definitions. The term "bodily," for example, means "of or relating to the body." Webster's Third New International Dictionary of the English Language 245 (ed. 1981). "Injury" is defined as "an act that damages, harms, or hurts" or as "hurt, damage, or loss sustained." *Id.* at 1164. Finally, the term "serious" connotes "grave in disposition, appearance, or manner" or "not light." *Id.* at 2073.

In sum, the plain meaning of the terms "serious bodily injury," characterizes a situation of great or grave injury resulting to the body. Within the meaning of section 113(f), such injury would have to result from an assault, as that term has been defined. *See Dupree,* 544 F.2d at 1052 (defining "assault" under 18 U.S.C. § 113(c)). The court therefore holds that

this plain meaning controls the construction of the phrase "serious bodily injury." [5]

■ The court concludes that the plain meaning of the terms "serious bodily injury" as applied to one charged with committing an assault under the federal assault statute, has a common sense meaning to sufficiently apprise an individual with average intelligence with reasonable notice of the proscribed assaultive conduct.[6] The defendant had fair and sufficient notice that his conduct, as alleged in the indictment and within the alleged circumstances of an assault, was prohibited. Under the plain meaning analysis or common sense consideration, the terms "serious bodily injury" as used within section 113(f) are therefore not unconstitutionally vague or imprecise. However, because this is the first constitutional challenge to this phrase under section 113(f), the court also turns to two other accepted means of construing statutory terms under a claim of void for vagueness in order to conclusively consider this issue.

### 2. *Judicial Construction in Other Contexts*

It is settled within the Ninth Circuit that "[a] vagueness challenge will not be upheld if judicial explication of a statute provides sufficient clarity to afford fair notice." *Bohonus,* 628 F.2d at 1174 (citations omitted). *See also Schwartzmiller,* 752 F.2d at

---

**5.** This court's review of the legislative history does not modify or "question the strong presumption that Congress expresses its intent through the language it chooses." *INS v. Cardoza–Fonseca,* —— U.S. ——, —— n. 12, 107 S.Ct. 1207, 1213 n. 12, 94 L.Ed.2d 434, 448 n. 12 (1987) (citations omitted). *See also United States v. Gray,* 809 F.2d 579, 582 (9th Cir.1987) ("When examining statutory language, the plain meaning of the words used is controlling, absent a clearly expressed legislative intention to the contrary.") (citation omitted).

The legislative history also does not provide a definition of the terms "serious bodily injury" but notes that 18 U.S.C. § 113 was amended in 1976 to address the disparity of treatment between Indians and non-Indians committing crime within the special maritime and territorial jurisdiction of the United States. As part of this remedial effort, subsection 113(f) was enacted to conform the Indian Major Crimes Act

under 18 U.S.C. § 1153, concerning crimes committed within Indian country, with the federal assault statute under 18 U.S.C. § 113. The addition of subsection 113(f) accomplished this objective by providing substance to the inclusion of "assault resulting in serious bodily injury" in 18 U.S.C. § 1153. *See* H.R.Rep. No. 1038, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S.Code Cong. & Admin.News 1125, 1129–30; 122 Cong. Rec. 14,291 (1976) (remarks of Rep. Wiggins).

**6.** The Seventh Circuit has alluded to the common understanding of these terms as well, noting "[t]here is no mystery to the words 'serious bodily injury.' Those are words in general use by laymen in their everyday affairs. There is no indication that Congress in adopting such commonly used terms intended to include only the highest degree of serious bodily injury." *United States v. Webster,* 620 F.2d 640, 642 (7th Cir.1980).

1348–49 (applying state court constructions to state statute to conclude adequate notice and enforcement guidance was provided by such judicial explication). While the phrase "serious bodily injury" within the meaning of 18 U.S.C. § 113(f) has not previously been defined with great specificity nor within the context of a constitutional challenge, it has been construed, nonetheless, by two federal appellate courts to mean "more than slight injury." [7]

Notwithstanding the fact that this judicial construction has arisen in circumstances devoid of any constitutional challenge,[8] this definition is consistent with the plain meaning construction or common dictionary understanding of these terms. More significantly, the judicial explication of these terms provides an alternative justification that the defendant charged with committing an assault which resulted in "serious bodily injury" had reasonable notice that such conduct was unlawful.

### 3. *Common Law Meaning*

Finally, the conclusion resulting from the plain meaning and judicial constructions of "serious bodily injury" is further buttressed by the common law application of that phrase. It is established that another means of construing common-law terms in a federal criminal statute is to consider the common-law meaning of those terms. *See*

*United States v. Jones,* 681 F.2d 610 (9th Cir.1982) (citing *United States v. Turley,* 352 U.S. 407, 411, 77 S.Ct. 397, 399, 1 L.Ed.2d 430, 433 (1957)); *Dupree,* 544 F.2d at 1051 (considering the common-law term "assault" in 18 U.S.C. § 113(c)).

In *United States v. Johnson,* 637 F.2d 1224, 1245 (9th Cir.1980), the Ninth Circuit noted that "[t]he lack of any more detailed explication of the common law phrase 'serious bodily injury' may be taken to indicate quite simply that Congress never expected or intended rigid, limiting definitions to be applied—or merely that Congress did not consider the question too closely." For purposes of assessing the adequacy of the challenged jury instructions, the *Johnson* court then sought guidance by considering the common law meaning of "serious bodily injury" as used in other state statutes and court opinions. The court concluded from its review that "few [state] statutes provide any more precise or detailed definitions" than section 113(f) of the federal assault statute and that state court formulations were similar to that under consideration by the appellate court. *Id.* at 1245, 1246. This court's own review of the common law meaning of "serious bodily injury" is in accord with that of the *Johnson* court and its conclusion that the terms are amenable to a common sense understanding. Other state courts have reached

---

**7.** In *United States v. Bernard S.,* 795 F.2d 749, 755 n. 10 (9th Cir.1986), the Ninth Circuit had occasion to review the definition of the phrase in issue, noting:

> 18 U.S.C. § 113(f) does not provide a definition of serious bodily injury. At least two courts that have attempted to define this term have held that it means more than slight injury, but there is no requirement that the injury create a substantial likelihood of death.

*Id.* (citing *United States v. Johnson,* 637 F.2d 1224, 1245–46 (9th Cir.1980); *United States v. Webster,* 620 F.2d 640, 641–42 (7th Cir.1980)).

The *Johnson* court indicated that "the existence and definition of serious bodily injury in a given case is primarily a jury question dependent upon an evaluation of all circumstances of the injury or injuries." *Johnson,* 637 F.2d at 1246. In turning this determination to the jury for application in a particular case, the Ninth Circuit noted several factors to be considered: a jury should be instructed to use its common sense in deciding whether the injuries constitute serious bodily injury. Among the factors

the jury should consider are whether the victim suffered extreme physical pain, protracted and obvious disfigurement, protracted loss or impairment of the function of a bodily member, organ, or mental faculty, protracted unconsciousness, and significant or substantial internal damage (such as important broken bones).

*Id.*

**8.** In *Bernard S.,* the Ninth Circuit addressed the question of whether the use of medical records on the issue of proving "serious bodily injury" required a showing of unavailability of the doctor who prepared the medical records. The Ninth Circuit in *Johnson* considered the phrase in issue within the context of jury instructions and whether "unconsciousness" is a factor for jury consideration and whether "substantial risk of death" must be present. Finally, the Seventh Circuit's decision in *Webster* also concerned the issue of appropriate jury instructions under the statute.

a construction of the terms "serious bodily injury" which is similar to the federal appellate construction of "more than slight injury," noted in the previous section of this opinion.[9] This third method of construing the phrase "serious bodily injury" therefore reinforces the prior two analytical conclusions of the phrase in question.

### 4. Conclusion

After considering the construction by other courts of the terms "serious bodily injury" within section 113(f), as well as the common law meaning and the common sense meaning of this phrase, this court concludes that "a person of average intelligence would reasonably understand" that assaultive conduct which allegedly results in serious bodily injury could subject that conduct to a charge that 18 U.S.C. § 113(f) has been violated. *Bohonus*, 628 F.2d at 1174 (citing *Mazurie*, 419 U.S. at 550, 95 S.Ct. at 714, 42 L.Ed.2d at 714). The court concludes that the defendant received suffi-

cient and reasonable notice that his alleged assaultive conduct, as charged in the indictment, was prohibited by the statute. *Compare Mussry*, 726 F.2d at 1454–55 (finding defendant had fair notice that conduct charged was unlawful and that the statute in question was not unconstitutionally vague).

Because this court finds that the phrase "serious bodily injury," as used in 18 U.S.C. § 113(f), is not unconstitutionally vague as applied to the facts of this action, the motion to dismiss counts two and three on this ground is DENIED.

### III. Whether Counts Two and Three Lack Sufficient Specificity?

The defendant further alleges that counts two and three of the indictment lack factual specificity on the existence of "serious bodily injury," and that these counts consequently fail to comport with the requirement that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the

---

**9.** In the absence of statutory definition of "serious bodily injury," or parallel terms, some states have adopted constructions in assault statutes similar to the construction of the Ninth Circuit in *Johnson, see* note 7, *supra.* The Supreme Court of South Dakota, for example, had occasion to identify two definitions in sister states which had aggravated assault statutes leaving the terms "serious," "great" or "grevious" bodily injury undefined in the statute. The only difference between the two classifications is the degree of bodily injury required. Both categories, however, are consistent with a definition that the injury be more than slight.

The first definition required a grave, and not trivial, injury which reasonably gave rise to apprehension of danger to life, health or limb. *See State v. Janisch*, 290 N.W.2d 473, 476 (S.D. 1980) (citing *Minnix v. State*, 282 P.2d 772, 777 (Okl.Cr.App.1955); *People v. Ybarra*, 543 P.2d 529 (Colo.App.1975)). The second definition required that the injury be less grave. *See Janisch*, 290 N.W.2d at 476 (citing *State v. McDaniels*, 145 Neb. 261, 266, 16 N.W.2d 164, 167 (1944) (noting the injury should be "of a more graver and more serious character than an ordinary battery"); *State v. Redmon*, 244 N.W.2d 792, 797 (Iowa 1976); *State v. Peters*, 274 Minn. 309, 317, 143 N.W.2d 832, 837 (1966) (defining "great bodily harm" as "more than mere injury by fist, such as is likely to occur in ordinary assault and battery") (emphasis omitted)). *See also Jackson v. State*, 168 Tex.Cr.R. 51, 323 S.W. 2d 442, 443 (Tex.Cr.App.1959) (quoted in *State v. Mendibles*, 25 Ariz.App. 392, 543 P.2d 1149,

1151 (Ariz.Ct.App.1975); *State v. Miller*, 16 Ariz. App. 92, 491 P.2d 481, 483 (Ariz.Ct.App.1971)) ("The rule is well settled that to constitute serious bodily injury the injury must be grave, not trivial—such an injury as gives rise to apprehension of danger to life, health or limb. It is not, however, required that the injuries be such as may result in death.").

Other states addressing the construction in assault statutes which do not define the terms "serious bodily injury," have concluded that these terms are also subject to common understanding. *See e.g., Watkins v. State*, 254 Ga. 267, 328 S.E.2d 537, 539 (Ga.1985) ("No one of common intelligence could fail to understand the proper application of that portion of the [aggravated assault] statute which punishes infliction of 'serious bodily injury.'") (citation omitted); *State v. McKeehan*, 91 Idaho 808, 430 P.2d 886, 893 (Idaho 1967) (noting that "grievous bodily injury "sets down a statement of an act necessary to constitute the commission of an aggravated battery such as to enable a person of common understanding to know what is intended, i.e., that the injuries inflicted are in nature more serious than that which would result from a simple battery"); *State v. Perry*, 5 Ariz.App. 315, 426 P.2d 415, 417–18 (Ariz.Ct.App.1967) (holding that in the aggravated assault statute, "serious bodily injury" are words of ordinary significance not requiring definition in a jury instruction).

offense charged," under Fed.R.Crim.P. 7(c)(1).

The central inquiry on the sufficiency of the indictment as challenged is whether the indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, ... enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 621, *reh'g denied*, 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed. 2d 129 (1974). *See also Bohonus*, 628 F.2d at 1173 ("An indictment must provide the defendant with a description of the charges against him sufficient to (1) enable him to prepare his defense; (2) ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) enable him to plead double jeopardy against a later prosecution; and (4) inform the court of the facts alleged so that it can determine the sufficiency of the charge."). Additionally, the indictment is to be read in its entirety and with necessary inferences. *United States v. Givens*, 767 F.2d 574, 584 (9th Cir.), *cert. denied*, 474 U.S. 953, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985); *United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir.), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir.), *cert. denied*, 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976).

Both counts two and three of the indictment track the statute language of 18 U.S. C. § 113(f). This alone does not make these counts infirm. It is recognized that an indictment that tracks the language of a statute is sufficient when all of the essential elements, expressed without uncertainty, are contained within the language of the statute. *United States v. Johnson*, 804 F.2d 1078, 1084 (9th Cir.1986) (citing *Hamling*, 418 U.S. at 117, 94 S.Ct. at 2907, 41 L.Ed.2d at 621); *United States v. Normandeau*, 800 F.2d 953, 954 (9th Cir.1986); *United States v. Keith*, 605 F.2d 462, 464 (9th Cir.1979). Both counts in the indictment are also identical in alleging the date ("[o]n or about May 19, 1987"), the location ("at Fort Ord ... an area within the special

maritime and territorial jurisdiction of the United States"), and the specific individuals upon whom the assault was committed and upon whom serious bodily injury resulted.

■ Evidently the allegations in counts two and three are not set forth in exhaustive factual detail. However, by stating all elements of the offense, including the allegation that serious bodily injury resulted and on whom, the date, and general location, this court finds that both counts of the indictment are legally sufficient and satisfy the essential due process requirements to provide the defendant with adequate notice to defend against the charge. *Compare Johnson*, 804 F.2d at 1084–85 (due process requirements met when elements of federal offense were stated along with the approximate date and approximate location of the crime).

Finally, "serious bodily injury" is properly pled in the indictment as an element of the alleged section 113(f) offense. The Ninth Circuit has determined that the existence of "serious bodily injury" is a question reserved for the jury which requires consideration of the circumstances surrounding the injury. *See Johnson*, 637 F.2d 1224, 1246 (9th Cir.1980). In an analogous situation, the Ninth Circuit found that the indictment was sufficient by tracking the express language of the statute where the existence of the statutory element in question was a matter left for the determination of the jury. *See Givens*, 767 F.2d at 584–85.

Because the court finds that the indictment is legally sufficient, the motion to dismiss counts two and three for lack of factual particularity is DENIED.

IV. *Whether Specific Intent Is An Element of Section 113(f)?*

■ As a final argument, the defendant contends that 18 U.S.C. § 113(f) is a specific intent crime and, for this reason, counts two and three of the indictment should be dismissed for failure to state the specific intent element of the offense. In support of this position, the defendant notes that the penalties in section 113(c), which is also

charged against the defendant in the indictment and which is a specific intent offense, *see United States v. Washington*, 819 F.2d 221, 226 (9th Cir.1987) (noting that 18 U.S. C. § 113(c) is "a crime requiring the specific intent to do bodily harm"), are disproportionate with those in section 113(f). Other than the claim of the disproportionate nature of the penalties for the two offenses, the defendant does not cite any case law for the proposition asserted.

A review of these two statutory provisions highlights a significant difference.[10] Section 113(c) expressly provides that an assault with a dangerous weapon be made "with intent to do bodily harm," while section 113(f), for assaults "resulting in serious bodily injury," contains no similar explicit reference to any intent requirement.[11] The defendant acknowledges in his brief, and the court finds persuasive, the proposition that "[i]n the absence of an explicit statement that a crime requires specific intent, courts often hold that only general intent is needed." *United States v. Lewis*, 780 F.2d 1140, 1142–43 (4th Cir.1986) (citations omitted).[12]

It was largely because of a lack of an express statutory requirement of intent that the *Lewis* court held that section 113(f) is a general intent crime. Other courts have reached the same result. *See United States v. Martin*, 783 F.2d 1449, 1450, 1453 (9th Cir.1986) (noting conviction under lesser offense of § 113(f) required only general intent while the charge under § 113(c) could not be established because of the absence of specific intent); *United States v. Big Crow*, 728 F.2d 974, 975 n. 1 (8th Cir.1984) (noting that under § 113(f), "[a]ssault resulting in serious bodily injury

requires only general intent" and an instruction requiring specific intent as an element of the offense was incorrect) (citation omitted); *United States v. Knife*, 592 F.2d 472, 482, 483 (8th Cir.1979) (noting the "element of intent in § 113(f) is satisfied if the general intent to commit the acts" is established, and that "[n]o specific intent to cause such injury need be shown"); *United States v. Eagle*, 586 F.2d 1193, 1196 (8th Cir.1978) (noting that § 113(c) "requires ... specific intent to do bodily harm" while § 113(f) "requires only that the assault shall have resulted in serious bodily harm"); *See also United States v. Cooper*, 812 F.2d 1283 (10th Cir.1987) (where specific intent was lacking for a § 113(a) offense, the evidence supported conviction under § 113(f)); *United States v. Jacobs*, 632 F.2d 695, 697 (7th Cir.1980) (favorably quoting district court judge below who noted that a violation of § 113(f) may result where there was no specific intent to do bodily harm).

In light of the sparse legislative history on section 113(f),[13] it is difficult to ascertain why the penalties under section 113(c) are distinct from those under section 113(f). It may be, as a result of the differing elements under these offenses, that Congress has concluded that assaults committed with a dangerous weapon are not more deserving of a harsher penalty than assaults which result in serious bodily injury. These considerations aside, this court agrees that "[t]he enactment of the statutes in question over a period of years, and the provision by Congress for separate punishments, are compelling evidence that Congress intended the offenses to be different as a matter of law." *Eagle*, 586 F.2d at 1197 (citation omitted).

---

**10.** These statutory provisions are reproduced at note 1, *supra*.

**11.** In fact, one appellate decision, decided before the enactment of section 113(f), noted the apparent contrast between the various subdivisions of section 113 where (a), (b), and (c) explicitly reference intent requirements while subsection (d) and (e) do not. *See United States v. Martin*, 536 F.2d 535, 536 (2nd Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 167, 50 L.Ed.2d 141 (1976) (noting that the "magistrate was therefore correct in refusing to read into subdivision (d) the requirement of intent to do bodily

harm"). *See also United States v. Guilbert*, 692 F.2d 1340, 1345 (11th Cir.1982), *cert. denied*, 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983) (noting "§ 113(c) requires proof of intent to do bodily harm, whereas § 133(d) requires no specific intent of any kind").

**12.** *See* Defendant's Memorandum in Support of Motion to Dismiss, at 15 (filed Aug. 4, 1987) (citing *United States v. Lewis*).

**13.** *See* note 5, *supra*.

Because section 113(f) does not contain an element of specific intent for the offense to be properly charged in an indictment, the motion to dismiss counts two and three on this ground is DENIED.

### V. *Conclusion*

For the foregoing reasons, the defendant's motion to dismiss counts two and three of the indictment on the three arguments raised is HEREBY DENIED.

IT IS SO ORDERED.