993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kurt KASHIWABARA, Defendant-Appellant.
 No. 92-10358.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 10, 1993.
 
 Before: GOODWIN, TANG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kashiwabara, convicted of various drug-related crimes, was sentenced to eighty-seven months in prison. This sentence included a two-level enhancement of his base offense level under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1) for possession of a "dangerous weapon." He contends, on appeal, that the term "dangerous weapon" as used in § 2D1.1(b)(1) is unconstitutionally vague. We affirm.
 
 
 3
 The FBI, in the course of executing a valid search warrant, seized a black leather bag which contained illegal drugs, drug transaction records, drug paraphernalia, a loaded semi-automatic pistol, and a butterfly knife. A butterfly knife has a split metal handle which encases a single-edged blade. The knife is opened by folding back both halves to expose the blade. In a statement to the FBI, Kashiwabara admitted that the bag and its contents belonged to him.
 
 
 4
 U.S.S.G. § 2D1.1(a) sets the base offense level for the unlawful manufacturing, importing, exporting, trafficking, or possession of drugs. § 2D1.1(b)(1) provides: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." The district court enhanced Kashiwabara's sentence two levels for possession of the butterfly knife.
 
 
 5
 Kashiwabara argues that § 2D1.1(b)(1) is unconstitutionally vague because possession of a "dangerous weapon" can include the possession of a wide range of instruments, such as a boot or a ballpoint pen, depending upon the nature of their use. He did not raise this issue before the district court. Kashiwabara may, however, attack the constitutionality of the statute under which he was sentenced for the first time on appeal. See United States v. Tabacca, 924 F.2d 906, 912 (9th Cir.1991) (appellant may "attack the constitutionality of the law under which he is charged for the first time on appeal").
 
 
 6
 A statute is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." United States v. Doremus, 888 F.2d 630, 634 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991). The threshold question in a vagueness challenge "is whether to scrutinize the statute for intolerable vagueness on its face or whether to do so only as the statute is applied in the particular case." Schwarzmiller v. Gardner, 752 F.2d 1341, 1346 (9th Cir.1984). Judge, now Justice, Kennedy set forth the relevant analysis in United States v. Hogue, 752 F.2d 1503 (9th Cir.1985):
 
 
 7
 Where speech is not the explicit subject of a statute or regulation and is not otherwise implicated in the case, and if related constitutional rights are not expressly invoked in a challenge to facial validity, we need only examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute or regulation, the conduct in question is prohibited.
 
 
 8
 Id. at 1504 (citations omitted). In other words, when a vagueness challenge is not based on First Amendment freedoms, as in the present case, the challenge must be examined in light of the facts of the case at hand. United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir.1990).
 
 
 9
 Under the principles of Hogue and Van Hawkins, we may only consider whether U.S.S.G. § 2D1.1(b)(1) is unconstitutionally vague as applied to the facts of this particular case. We do not address whether the Guideline before us may be vague or overbroad in its other potential applications. Id.
 
 
 10
 Turning to the facts of the present case, we find that U.S.S.C. § 2D1.1(b)(1) is not unconstitutionally vague. It is unclear from the record below whether Kashiwabara stipulated that a butterfly knife is a dangerous weapon within the meaning of the Sentencing Guidelines. Nonetheless, we find that under a reasonable construction of the Sentencing Guideline governing this case, the conduct in question--possession of a butterfly knife--is prohibited. See Hogue, 752 F.2d at 1504.
 
 
 11
 The district court correctly held that a butterfly knife comes within the definition of a "dangerous weapon." The Sentencing Guidelines' Application Instructions define "dangerous weapon" as "an instrument capable of inflicting death or serious bodily injury." Application Note 1(d) to U.S.S.G. § 1B1.1. This definition applies to the term's usage in § 2D1.1. Application Note 3 to U.S.S.G. § 2D1.1. A person of ordinary intelligence has adequate notice that a butterfly knife, possessed in connection with a drug offense, constitutes a "dangerous weapon" within the meaning of § 2D1.1(b)(1). See Doremus, 888 F.2d at 634 (adequate notice required).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3