### UNITED STATES of America, Plaintiff—Appellee,

v.

### Alfred Gilbert SERNA, Defendant— Appellant.

### No. 03–50348.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Submission Vacated July 20, 2004.

Resubmitted June 8, 2005.

Decided June 16, 2005.

David Mitchell, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Elizabeth A. Olson, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, Norma A. Aguilar, Esq., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, GIBSON, and GRABER, Circuit Judges.

### MEMORANDUM *

Defendant Alfred Serna appeals from his conviction and sentence under 18 U.S.C. § 545 for importing merchandise without declaring it and presenting it for inspection in violation of 19 U.S.C. §§ 1433, 1461.

Serna argues that 18 U.S.C. § 545 is unconstitutionally vague on its face and, therefore, that his indictment should have been dismissed. Before reaching Serna's facial challenge, we must determine whether the law is vague as applied to him. *See United States v. Fitzgerald,* 882 F.2d 397, 398 (9th Cir.1989); *United States v. Hogue,* 752 F.2d 1503, 1504 (9th Cir.1985). A scienter requirement may mitigate a law's vagueness. *United States v. Lee,* 937 F.2d 1388, 1394 (9th Cir.1991). Here the district court instructed the jury to find that Serna *knew* he was importing some kind of merchandise into the United States, and that he *knew* his conduct violated the customs laws in some respect. Serna's conduct was thus clearly proscribed and his vagueness challenge must fail.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Defendant challenges the district court's use of various factors to enhance his sentence. Appellant's sentence is remanded to the district court for proceedings consistent with *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

**Conviction AFFIRMED, Sentence REMANDED.**