UNITED STATES of America,
Plaintiff-Appellee,

v.

Terry Ray UPTAIN, Defendant-Appellant.

No. 76–3677

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 26, 1977.

Rehearing Denied June 29, 1977.

Jerry A. Kirby, Monroe, La. (Court-Appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., Dosite H. Perkins, Jr., Brian P. Joffrion, Asst. U. S. Attys., Shreveport, La., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant, Terry Ray Uptain, was indicted for wire fraud, a violation of 18 U.S.C. § 1343, arising out of his scheme to defraud

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1108**

Van T. and Zelda H. Bates of nearly $4000. He promised to deliver 260 cases of "The Living End," a "rectal cleaning agent," though he never did. The jury found him guilty on both counts, and he was sentenced to five years in prison on each count, sentences to run concurrently. We affirm.

Appellant brings forward four points, none of which have any merit. He claims that the trial judge should have granted a judgment of acquittal because use of the wires was never proved; that the testimony of several witnesses was erroneously admitted; that the court should have granted a mistrial after accepting the testimony of George T. Wilson; and that the court should not have admitted evidence of a tape procured by an Agent which allegedly was one of Uptain's sales pitches.

First, the government clearly proved all elements establishing appellant's violation of the statute, including the use of the wires. Second, the testimony of the other witnesses, stating that similar acts of conduct had been perpetrated by the appellant, were admissible under Rule 404(b) of the Federal Rules of Evidence to show knowledge, intent, and a consistent pattern and scheme of operation. The trial judge made the proper limiting instructions. Third, the witness' comment that the president of a company was in jail for bank robbery was completely unpredicted by both sides. Any prejudicial effect was minimal, and the judge used limiting instructions. Finally, the cassette tape was found in an abandoned office, and thus, appellant cannot complain of its seizure. *Abel v. United States,* 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). Further, the tape was useful in establishing the requisite fraudulent intent.

Accordingly we AFFIRM.