**UNITED STATES of America, Appellee,**

v.

**Carolyn LEWIS, Appellant.**

**No. 85–5021.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 11, 1985.

Decided Jan. 9, 1986.

Edward Smith, Jr. (Cummings & Smith, P.A., Baltimore, Md., on brief), for appellant.

Catherine C. Blake, Asst. U.S. Atty. (J. Frederick Motz, U.S. Atty., Wendy P. Arnell, Asst. U.S. Atty., Baltimore, Md., on brief), for appellee.

Before ERVIN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

ERVIN, Circuit Judge:

This is an appeal from the conviction of appellant, Carolyn Lewis, for assaulting a fellow patient at the Perry's Point Veteran's Administration Medical Center in Maryland in violation of 18 U.S.C. § 113(d) (1982) (assault by striking, beating and wounding) and (f) (1982) (assault resulting in serious bodily injury). Lewis argues that evidence of a prior altercation between the two patients was improperly admitted, that a conviction for assault resulting in serious bodily injury under section 113(f) requires evidence of specific intent, and that jury instructions on the unavailability of insanity and intoxication defenses were erroneous. We affirm.

I.

On February 4, 1984, hospital employees found patient George Jackson lying on the floor of the ladies' bathroom. Jackson was cut, blood-spattered, and semi-conscious. Shoe prints bearing an "elongated W" pattern were found at the scene.

When Jackson was injured, Lewis was absent from the day room in which patients ordinarily congregate. After the incident, nurses noticed that her hands were swollen and that her shoes, which had an "elongated W" pattern on the soles, were bloodstained. Lewis also made statements to

nurses and to a fellow patient suggesting involvement in the assault.

At trial, the government introduced evidence that on January 8, 1984, Jackson cursed at Lewis and used racial epithets. A scuffle ensued, during which Lewis stomped on Jackson's face, neck, and chest, leaving reddened marks on his body. Lewis' glasses were damaged in the altercation. Thereafter, her attitude toward Jackson was resentful.

## II.

■ Lewis argues that testimony on the January scuffle was inadmissible character evidence, improperly introduced to show propensity. Evidence of prior acts is, however, admissible to prove *inter alia* motive, intent, identity, and absence of mistake or accident. *See* Fed.R.Evid. 404(b). The trial court found testimony on the January incident probative of motive and identity and admitted the evidence on this basis.[1] In making this decision, the trial court did not abuse its discretion. *See United States v. Masters*, 622 F.2d 83, 87 (4th Cir.1980) (standard of review is abuse of discretion).

■ The first question in Rule 404(b) determinations is whether the evidence is relevant to an issue other than Lewis' character. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979); *United States v. DiZenzo*, 500 F.2d 263, 265 (4th Cir.1974). Rising animosity, evidenced by racial slurs, broken glasses, and a recent scuffle, could easily provide the motive for an assault on Jackson. The similarity in the method of both assaults is also probative of identity.[2] Relevance to

an issue other than character was, therefore, established.

After relevance is determined, the court must consider whether the probative value of the evidence is substantially outweighed by its prejudicial effect. *See Masters*, 622 F.2d at 87; *DiZenzo*, 500 F.2d at 266. When making its evidentiary ruling, the trial court did not enunciate its view of the probative-prejudice calculus. As long as the record as a whole indicates appropriate judicial weighing, we will not reverse for a failure to recite mechanically the appropriate balancing test. *Accord United States v. Dolliole*, 597 F.2d 102, 106 (7th Cir.), *cert. denied*, 442 U.S. 946, 99 S.Ct. 2894, 61 L.Ed.2d 318 (1979); *United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir.1978).

In this case both attorneys presented lengthy arguments on the balancing test. Furthermore, the probative value of the evidence is high. Eyewitness testimony on the events in January was reliable, and the lack of witnesses to the February assault heightened the importance of this circumstantial evidence. *See DiZenzo*, 500 F.2d at 266 (Reliability and necessity are considerations in Rule 404(b) decisions.). A cautionary instruction, which is generally sufficient to combat prejudice, *see Masters*, 622 F.2d at 87, was given. Admission of the evidence was, therefore, neither arbitrary nor irrational. *See id.* at 88 (quoting *United States v. Robinson*, 560 F.2d 507, 515 (2d Cir.1977), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978) ).

■ Lewis also challenges the trial court's position that general intent, not specific intent, is required for a violation of 18 U.S.C. § 113(f) (1982). The trial court is correct. Section 113(f) says nothing about intent.[3] In the absence of an explicit state-

---

1. The trial court also found the evidence probative on the question of Lewis' ability to assault a taller man. Because Lewis was substantially younger and healthier than Jackson, the prosecution's need for evidence of ability was fairly slight. Two additional grounds supporting admission exist. Consequently, it is unnecessary for this court to decide whether the ability ground alone could justify admission.

2. The first assault involved flat-footed stomping, not toe-first kicking, on Jackson's face and body, leaving reddened marks. One witness testified that she saw flat-footed shoe prints on Jackson's face after the second assault.

3. The relevant portion of the statute is:

   Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

ment that a crime requires specific intent, courts often hold that only general intent is needed. *See, e.g., United States v. Johnston*, 543 F.2d 55, 58 (8th Cir.1976) (interpreting the first paragraph of 18 U.S.C. § 2113(a)); *United States v. Martin*, 536 F.2d 535 (2d Cir.1976) (per curiam) (comparing intent required for 18 U.S.C. § 113(a),(b),(c) with intent required for 18 U.S.C. § 113(d), (e)); *United States v. Meeker*, 527 F.2d 12, 14 (9th Cir.1975) (interpreting 49 U.S.C. § 1472(j) ). Lewis has identified no case law or legislative history supporting a contrary conclusion. Indeed, relevant cases have required only general intent for section 113(f) violations. *See United States v. Knife*, 592 F.2d 472, 482 (8th Cir.1979); *United States v. Eagle*, 586 F.2d 1193, 1196–1197 (8th Cir.1978). We therefore believe and hold that section 113(f) is a general intent crime.

Finally, Lewis challenges two instructions given by the trial court. The trial court charged the jury that voluntary intoxication is not a defense to the intent required for this crime and that insanity is not an issue in the case. A trial judge has the discretion to focus the jury's deliberations on those issues legally relevant to the case. *See United States v. Cheung Kin Ping*, 555 F.2d 1069, 1074 (2d Cir.1977).

■ The challenged instructions correctly state the legal irrelevance of intoxication and insanity. Lewis' attorney repeatedly assured the court that an insanity defense was not being offered, the notice of insanity defense required under Fed.R.Crim.P. 12.2(a) was not filed, and the defense objected to the prosecutor's proffer of evidence of Lewis' mental competence because insanity was a "non-issue" in the case. Voluntary intoxication is not a defense to a general intent crime. *See United States v. Fay*, 668 F.2d 375, 377 (8th Cir.1981); *United States v. Burnim*, 576 F.2d 236, 237 (9th Cir.1978); *United States v. Johnston*, 543 F.2d 55, 57 (8th Cir.1976).

. . . .

(f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or im-

A fair amount of evidence on these issues had been received, however. The jury knew that the assault occurred on a locked mental ward, that Lewis was a patient on that ward, that Lewis was "inappropriately" amused after the assault, and that she had been drinking on February 4. The judge's instructions merely put these facts in their proper legal perspective. Accurate cautionary instructions needed to "spear a red herring" are entirely appropriate. *Cheung Kin Ping*, 555 F.2d at 1074.

For the foregoing reasons, this court finds no merit in Lewis' arguments. The convictions, therefore, are affirmed.

AFFIRMED.

prisonment for not more than ten years, or both.

18 U.S.C. § 113(f) (1982).