**UNITED STATES of America**

v.

**Ralph Christopher Allen CARROLL and Thomas Boyd Gilbert.**

**Crim. No. Y–86–0329.**

United States District Court, D. Maryland.

Nov. 10, 1986.

Breckinridge L. Willcox, U.S. Atty., for the D.Md., Baltimore, Md., and Veronica M. Clarke, Asst. U.S. Atty., Baltimore, Md., for plaintiff U.S.

Fred Warren Bennett, Federal Public Defender, Baltimore, Md., and Stephen J. Cribari, Deputy Federal Public Defender, Baltimore, Md., counsel for defendant Ralph Christopher Allen Carroll.

Robert T. Durkin, Jr., Baltimore, Md., for defendant Thomas Boyd Gilbert.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

One of the defendants in this case, Ralph Christopher Allen Carroll, and the government have each filed motions in limine concerning the admissibility of Carroll's prior criminal convictions in his trial on the instant charge of bank fraud, 18 U.S.C. § 1344. The government seeks to admit evidence of Carroll's 1984 conviction for

bank larceny, 18 U.S.C. § 2113(b), under Fed.R.Evid. 404(b). Further, the government has filed notice of its intention to impeach Carroll in accordance with Rule 609, Federal Rules of Evidence, by introducing evidence of his prior conviction for bank larceny as well as a 1985 conviction for felony theft in violation of Md.Ann. Code art. 27, § 342 (1957). Carroll has filed a motion in limine to preclude introduction of these prior convictions.

In his 1984 conviction for bank larceny, Carroll pled guilty to stealing a total of $135,000 from the Bank of Bethesda's Naval Medical Command Branch. Carroll described in his handwritten confession a wire transfer scheme with which he was able to obtain $60,000 and $75,000 checks from the bank. Carroll told the bank manager, Doris Fox, he expected a wire transfer from a bank in Texas pursuant to an accident settlement. Later the same day, someone * called Mrs. Fox pretending to be an employee in the bank's mailroom and told her that a wire transfer had come in for Ralph Carroll. Mrs. Fox then issued a check for $60,000, which Carroll picked up. This procedure was later repeated, and Mrs. Fox issued a $75,000 check on that occasion. Upon being questioned by the Naval Investigative Service a few days later, Carroll confessed.

The government asserts that in the instant case, someone (the government suggests Ralph Carroll) called Mrs. Fox and identified himself as Thomas Gilbert. Gilbert is a codefendant in this case. This "Thomas Gilbert," the government asserts, told Mrs. Fox he was expecting a $75,000 wire transfer from California. Shortly thereafter, a person whose voice was similar to that of "Thomas Gilbert" called, identified himself as a mailroom employee and told Mrs. Fox a wire transfer had arrived for Thomas Gilbert. Mrs. Fox alerted bank security, who in turn notified other law enforcement officials. When Gilbert arrived to pick up the transfer check, he was arrested and during questioning implicated Carroll.

RULE 404(b)

Under Rule 404(b), evidence of other crimes, wrongs or acts may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. This rule has been held to be "inclusionary":

> The evidence of other crimes must be relevant for a purpose other than showing the character or disposition of the defendant. . . .
>
> The circumstances under which such evidence may be found relevant and admissible under the Rule have been described as "infinite." Some of the circumstances are set forth in the Rule itself, but the cataloging therein is merely illustrative and not exclusionary.

*United States v. Masters,* 622 F.2d 83, 86 (4th Cir.1980).

The procedure for analyzing Rule 404(b) questions was set out in *United States v. Lewis,* 780 F.2d 1140 (4th Cir.1986). First, a court must determine whether evidence of a prior crime or act would be relevant to an issue other than character; second, it must decide whether the probative value of the evidence outweighs substantially its prejudicial effect, taking into account its reliability and the government's need for it. *Id.* at 1142.

Here, the government argues persuasively that evidence of Carroll's prior conviction indicates that a common scheme was used in both the 1983 and 1986 wire transfers, that this scheme is probative of identity, and that it bears on Carroll's knowledge of wire fraud. Assuming the government provides testimony to prove the facts alleged in its motion in limine, the scheme used in this case is virtually identical to that used in 1983. Both involve the same bank, indeed the same bank employee, and the same sequence of contacts by defendants with the bank and falsified calls from the mailroom. Such similarities in execution of a scheme have served as the basis for Rule 404(b) evidence. *See United States v. Hardich,* 707 F.2d 992 (8th Cir.

---

* Carroll, in his confession, claimed to have made the call. He later admitted that the call was made by an accomplice, Frank Baker, whom Carroll was trying to protect.

1983) (conviction for uttering checks stolen from employer admissible in prosecution for identical offense); *United States v. Oliphant,* 525 F.2d 505 (9th Cir.1975) (unique modus operandi involving thefts from mail trucks as basis for bank schemes) and *United States v. Uptain,* 552 F.2d 1107 (5th Cir.1977) (similar acts admissible to prove knowledge, intent, and a consistent pattern and scheme of operation in wire fraud case).

Courts in this circuit have admitted evidence of prior acts under Rule 404(b) when it was probative of the identity of the defendant as the perpetrator of the crime. In *Lewis,* 780 F.2d at 1142, the Fourth Circuit held that similarity in the method of two assaults was probative of identity, and ruled evidence of a prior assault admissible. And in *United States v. Woods,* 484 F.2d 127, 134 (4th Cir.1973), the Court of Appeals upheld a ruling that evidence of repeated episodes of cyanosis suffered by infants in the defendant's care was admissible in her prosecution for murdering an infant, allegedly by suffocation.

The government's proposed evidence also bears on knowledge of the mechanics of wire transfers. The individual who made the 1986 calls to Mrs. Fox was familiar with the procedures necessary to execute a wire transfer and the fact that such transfers came through the bank's mailroom. Carroll certainly acquired such knowledge by participating in the 1983 bank larceny of which he was convicted. *See United States v. Smith Grading and Paving, Inc.,* 760 F.2d 527 (4th Cir.1985).

█ Where the scheme used in the prior crime is identical in virtually every respect with that used in the crime charged, and where it was attempted at the same bank, it is probative of the defendant's common plan or scheme, knowledge and identity. It is clearly offered for reasons other than to show the character or disposition of the defendant, and is thus relevant under Rule 404(b).

█ In deciding whether to admit evidence under Rule 404(b) this Court must also determine whether its probative value outweighs the risk that it will create a substantial danger of undue prejudice to the accused. In making this determination, the trial court must consider not only relevance, but the reliability and necessity of the evidence. *United States v. DiZenzo,* 500 F.2d 263, 266 (4th Cir.1974).

Here, the reliability of the evidence of Carroll's prior crime is undisputed: he confessed and pled guilty. The government asserts that Carroll put the wire transfer in Gilbert's name and had Gilbert pick it up in order to shield himself from criminal liability. On that theory, Carroll's familiarity with the previous scheme in which an accomplice had put the transfer in Carroll's name and had Carroll pick it up is reasonably necessary to the government's case. *See id.* at 266.

Finally, there is little prospect that introduction of evidence of Carroll's prior conviction would unduly prejudice him. Evidence of a prior conviction would be unlikely to have any inflammatory effect, *cf. United States v. Beahm,* 664 F.2d 414, 417 (4th Cir.1981), and any prejudice could be countered with an appropriate instruction. The evidence of Carroll's prior conviction is relevant and probative without being prejudicial and is thus admissible under Rule 404(b).

RULE 609

Evidence of a prior crime may be admitted under Rule 609, Federal Rules of Evidence, if it bears on the credibility of a witness. Under 609(a)(1), evidence of prior convictions of certain crimes may be admitted if it is more probative than prejudicial, while prior convictions of crimes involving dishonesty or false statement are automatically admitted under 609(a)(2).

Defendant Carroll argues vigorously that bank convictions are usually evaluated under 609(a)(1), and his memorandum quotes extensively from an opinion in this district to that effect. The government contends that the facts of Carroll's prior crime place it under 609(a)(2).

While Carroll is correct in his assertion that bank robberies are usually analyzed under the 609(a)(1) test, he fails to recognize that the Court cannot simply categor-

ize particular offenses as 609(a)(1) or 609(a)(2). Instead, the facts of the prior conviction should be considered in determining whether it "involved dishonesty or false statement...." As the Seventh Circuit held in *United States v. Papia*, 560 F.2d 827 (7th Cir.1977),

> Even the courts that reject the view that stealing, without more, involves "dishonesty" that bears on a witness's veracity recognize that modern theft statutes may encompass criminal conduct that does fall within the ambit of Rule 609(a)(2), for a theft conviction may well be based on fraudulent or deceitful conduct that would previously have been prosecuted as larceny by trick, embezzlement, or the taking of money or property by false pretenses, etc. Accordingly, these courts have adopted the rule that, when the statutory offense of which the witness was convicted does not require proof of fraud or deceit as an essential element of the crime, a prior conviction may yet be admitted under Rule 609(a)(2) if the proponent of the evidence bears the burden of showing that the conviction "rested on facts warranting the dishonesty or false statement description."

560 F.2d at 847; *see also United States v. Lipscomb*, 702 F.2d 1049, 1064 (D.C.Cir. 1983).

 The government has shown that Carroll's prior conviction involved deceit and the making of false statements. Carroll on two occasions spoke to Mrs. Fox, the bank manager, telling her he was expecting wire transfers. Carroll's accomplice then phoned Mrs. Fox claiming to be from the mailroom, and then Carroll went to the bank to pick up the fraudulent wire transfers. These facts warrant the "dishonesty" description within 609(a)(2), and thus may be admitted for impeachment should Carroll testify.

As to Carroll's conviction for felony theft under Maryland law, the government has failed to show that it involved dishonesty or false statements. Most courts have held that convictions for larceny or robbery, without more, cannot come in under Rule 609(a)(2). *See, e.g., United States v.*

*Grandmont*, 680 F.2d 867, 871 (1st Cir. 1982); *United States v. Crawford*, 613 F.2d 1045, 1049 (D.C.Cir.1979); *United States v. Fearwell*, 595 F.2d 771, 776 (D.C. Cir.1979). The government has made no showing as to the facts of the previous theft conviction and has failed to address the balancing test of 609(a)(1), and the conviction will not be admitted for the purpose of impeachment.

In accordance with the provisions of Local Rule 6, Rules of the United States District Court for the District of Maryland, no hearing is required.