812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Felipe MACIAS, Appellant.
 No. 86-5535.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Feb. 6, 1987.
 
 Susan Korfanty (Thomas C. Carter on brief) for appellant.
 Susan T. Martin, Special Assistant U.S. Attorney (Henry E. Hudson, U.S. ATtorney, Grace S. Levin, Legal Intern on the brief) for appellee.
 Before RUSSELL, WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant appeals his drug conviction, claiming errors in the admission of evidence. The claim of error relates to the identity of the defendant. It is the Government's contention that the defendant was using two names, one that of Macias which is the one under which he is indicted, and that of Alfredo Behrens under which he had been convicted one year earlier in state court of a drug-related offense. To establish that "Alfred Behrens", convicted in 1984, and the defendant Felipe Macias, on trial in this case, were the same person, the Government offered and the trial court admitted without objection the fingerprints of the defendant "Alfredo Behrens" taken at the time of his arrest in 1984 in Virginia and those of the defendant Macias taken at his arrest in 1985 in this case. An experienced fingerprint expert identified the two fingerprints as the fingerprints of the same individual. In addition, the state parole officer, in charge of the probation of the individual using the name "Alfredo Behrens" in connection with the earlier state conviction, identified the defendant Macias as the defendant "Alfred Behrens" she supervised after the conviction of the "Alfred Behrens" in the state 1984 proceedings. The Government then offered in evidence a certified copy of an Arlington, Virginia conviction of Alfredo Behrens. That certified copy memorialized the November 16, 1984 conviction of Alfredo Behrens for possession of cocaine with intent to distribute. The defendant objected and it is that objection which provides the basis for the defendant's claim of error herein. We find no error in the admission and affirm the defendant's conviction.
 
 
 2
 The Government offered substantial evidence that the defendant Macias and the state defendant under the name Alfredo Behrens were the same person. Fingerprints represent a reasonable method of establishing identity. The competency of the expert who compared the two fingerprints was not disputed. Moreover, the state parole officer, who had responsibility for reporting on Behrens after his state conviction, identified Behrens and Macias as the same person. That evidence was more than sufficient to make the issue of identity one for the jury; and the district judge in his jury instructions emphasized that the matter of identity was one for the jury to resolve. We think there was sufficient identification of the defendant with the defendant Behrens who had been convicted on the state charge.
 
 
 3
 The defendant, however, contends that the district court erred in admitting the state conviction for failure to make the balancing test of probativeness against prejudice required for admission of such evidence under Rule 404(h), Fed. Rules of Evidence. Under that Rule evidence of other crimes may be offered on the issue of intent. Intent was an element in the crime charged against the defendant ("intent to distribute"). Proof of another conviction, close in time to that involved in the trial and covering the same offense of intent to distribute controlled drugs, as that here, has uniformly been held to be probative. United States v. King, 768 F.2d 586, 588 (4th Cir. 1985). Not only was the evidence relevant its introduction was important to the Government's case. The charge against the defendant concerned the possession of 12 grams of cocaine. It could be questioned whether the possession of that amount of cocaine would sufficiently indicate that the defendant intended to distribute. Proof of an earlier conviction of possession of cocaine by the defendant with intent to distribute would substantially fortify the Government's claim that in this case the defendant's possession was with intent to distribute.
 
 
 4
 It is true that the clear probativeness of the testimony of other crimes must be weighed against the possible prejudice that the introduction of such testimony would have on defendant's defense. It is not necessary, however, that the trial court in admitting such evidence should "enunciate its views of the probative prejudice calculus. As long as the record as a whole indicates appropriate judicial weighing, we will not reverse for a failure to recite mechanically the appropriate balancing test." United States v. Lewis, 780 F.2d 1140, 1142 (4th Cir. 1986). And this is particularly true where, as here, a cautionary instruction is given. Ibid. We think the record amply reflects such "judicial weighing" in this case.[1]
 
 The judgment of conviction is accordingly
 
 5
 AFFIRMED.
 
 
 
 [1]
 After argument in this case the appellant moved to cOnsolidate this appeal with another appeal (No. 86-7733). The latter appeal presents issues which were not raised or considered in No. 86-5535, and which we do not consider proper for decision in this case. This conclusion, however, is without prejudice to any rights of the appellant in the pending appeal in No. 86-7733