963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Craig Lawrence THOMAS, Defendant-Appellant.
 No. 91-5560.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1992
Decided: May 27, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CR-90-475-HAR)
 Brian J. Murphy, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Raymond A. Bonner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before PHILLIPS, MURNAGHAN, and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Craig Lawrence Thomas appeals his convictions for bank robbery, 18 U.S.C. § 2113(a) (1988), assault during a bank robbery, 18 U.S.C. § 2113(d) (1988), and using a firearm in a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1991). Thomas claims that the district court erred in failing to suppress stolen money found in a bag in his girlfriend's residence and in allowing evidence of Thomas's prior conviction of bank robbery to be heard by the jury. We affirm. In addition, Thomas has filed a Motion for Summary Reversal asserting that his conviction and sentence are invalid due to this Court's reversal of his prior conviction. We deny his motion for reversal of his conviction, but grant his motion for reversal of his sentence.
 
 I.
 
 2
 On December 3, 1990, Mid-State Savings and Loan was robbed. During the investigation of the crime, FBI agents spoke to Tanya Blackstone, Thomas's girlfriend. She turned over to them a drawstring bag containing some of the bait money stolen from Mid-State Savings and Loan.[1] She told them that Thomas had left the money with her on December 3 and that his only contact with her since then had been several phone calls telling her what to do with the contents of the bag.
 
 
 3
 At a pre-trial hearing Thomas moved to suppress the money found in the bag, asserting that Blackstone did not have authority to consent to a search of the bag. In addition, Thomas sought to prevent the government from using his prior conviction for bank robbery pursuant to Fed. R. Evid. 404(b). The district court denied both motions. Thomas was convicted of all counts. Subsequently, this Court reversed Thomas's prior conviction for bank robbery finding that the district court had erroneously failed to suppress evidence found in an illegal search. United States v. Thomas, 955 F.2d 207 (4th Cir. 1992). Based on this reversal, Thomas filed a Motion for Summary Reversal of his conviction and sentence in this appeal.
 
 II.
 
 4
 Thomas argues that Blackstone did not have authority to consent to a search of the bag containing the stolen money and that this lack of authority made the search illegal. We reject this claim because we find that Thomas had no reasonable expectation of privacy in the bag where the stolen money was found.
 
 
 5
 In order to challenge the legality of a search under the Fourth Amendment a defendant must have a reasonable expectation of privacy in the place to be searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). A reasonable expectation of privacy is not created by the subjective expectation of the defendant alone. We also look at the defendant's interest and control in the area searched, the measures taken by the defendant to ensure privacy, and society's willingness to recognize defendant's expectation as reasonable. United States v. Horowitz, 806 F.2d 1222, 1225 (4th Cir. 1986).
 
 
 6
 Here, we note that Thomas left the bag in Blackstone's sole possession; he did not lock or seal the bag; he did not reside in the college dormitory where Blackstone lived; and he had no knowledge of where Blackstone hid the bag. These circumstances support the district court's finding that Thomas abandoned any privacy interest in the bag. Because Thomas had no reasonable expectation of privacy in the bag, it was properly admitted at trial.[2] See California v. Greenwood, 486 U.S. 35 (1988) (accessibility of third persons to garbage left on street curb makes privacy interest in contraband unreasonable); Horowitz, supra; United States v. Brown, 743 F.2d 1505, 1507 (11th Cir. 1984).
 
 III.
 
 7
 Thomas asserts that the district court incorrectly allowed the government to introduce his prior conviction for bank robbery. The governing rule of evidence is Fed. R. Evid. 404(b), which provides that
 
 
 8
 [E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 9
 The district court's determination to admit Rule 404(b) evidence is reversible only if the court abused its discretion. United States v. Hadaway, 681 F.2d 214, 217 (4th Cir. 1982). An abuse of discretion occurs only if the decision by the district court was arbitrary or irrational. United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986).
 
 
 10
 To analyze Rule 404(b) questions we first determine whether evidence of a prior crime or act would be relevant to an issue other than character; then, we decide whether the probative value of the evidence is substantially outweighed by its prejudicial effect. United States v. Lewis, 780 F.2d 1140, 1142 (4th Cir. 1986).
 
 
 11
 The district court found Thomas's prior conviction probative of identity and common scheme or plan due to the similarities in modus operandi. We agree. The evidence showed striking similarities between the two bank robberies-they both occurred in the early morning hours; in each case the robber approached a bank employee entering the bank and forced her, at gunpoint, to let him into the bank; and the robber would not touch the money and forced the teller to put it into a pillowcase. These similarities render the evidence admissible. United States v. Lewis, 780 F.2d at 1142 (prior assault conviction admissible to show identity where both crimes involved similar activity). Given this evidence, the district court did not act irrationally or arbitrarily in finding that the prior conviction could be admitted for these purposes.
 
 
 12
 Thomas also challenges the prejudicial effect of the prior crimes evidence. See Fed. R. Evid. 403. As noted previously, that evidence was particularly probative in establishing Thomas's modus operandi. Further, the district court gave a limiting instruction to the jury regarding this evidence. See United States v. Masters, 622 F.2d 83, 87-88 (4th Cir. 1980). Given these circumstances, the district court did not abuse its discretion in admitting this evidence under Rule 403.
 
 IV.
 
 13
 In his Motion for Summary Reversal, Thomas contends that this Court's later reversal of his conviction for the prior bank robbery used as prior crime evidence in this case, see United States v. Thomas, 955 F.2d 207 (4th Cir. 1992), warrants reversal of his conviction and sentence.
 
 
 14
 Thomas claims that the reversal of his prior conviction makes use of that evidence as prior crime evidence particularly inappropriate. We disagree. In United States v. Thomas we held that Thomas's earlier conviction for bank robbery was improper because thousands of dollars of cash in bank wrappers and clothes matching the descriptions of the robber's clothes should have been suppressed because they were illegally obtained.[3] However, under Rule 404(b), prior crime evidence is admissible in a later criminal trial "if the jury can reasonably conclude that the [prior] act occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S. 681, 689 (1988). See also Dowling v. United States, 493 U.S. 342, 348 (1990) (defendant's acquittal of prior crime did not preclude its admission in another later criminal trial); United States v. VanCleave, 599 F.2d 954, 957 (10th Cir. 1979). Thus, the government did not have to establish Thomas's participation in the prior crime beyond a reasonable doubt. From the evidence admitted in this case, we think the jury could reasonably conclude that a prior bank robbery occurred and that Thomas was the actor. Therefore, despite the government's error in obtaining evidence in the prior case, the evidence relating to how the crime was committed in that case was properly admitted in this case.[4]
 
 
 15
 Thomas also claims that his reversal in United States v. Thomas requires that he be resentenced. We agree. Thomas was convicted of carrying a firearm during a crime of violence.[5] 18 U.S.C.A. § 924(c) (West Supp. 1991). Because, at the time he was sentenced, Thomas had been convicted of the prior, similar bank robbery, he was sentenced pursuant to the enhanced penalty provision ins 924(c) to a mandatory prison term of twenty years, to run consecutively. The reversal of Thomas's earlier conviction renders the application of the enhanced penalty in § 924(c) improper. In addition, Thomas's sentence for his two counts of bank robbery must be adjusted because his criminal history category under the Sentencing Guidelines was improperly computed using his now invalid prior conviction. United States v. McCrary, 887 F.2d 485 (4th Cir. 1989). Therefore, Thomas must be resentenced on all counts.
 
 V
 
 16
 In conclusion, we affirm the district court's denial of Thomas's Motion to Suppress and find that the district court did not abuse its discretion in admitting Thomas's prior crime at his trial. We deny his Motion for Summary Reversal of his conviction, but grant his Motion for Summary Reversal of his sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED
 
 
 
 [1]
 A record is kept of the serial numbers of certain denominations in the bank. If a robbery occurs, this money, called bait money, can be traced
 
 
 [2]
 We also note that even if we were to find that Thomas had a reasonable expectation of privacy, we would uphold the search because the officer conducting the search reasonably believed that Blackstone had authority to consent to the search. See Illinois v. Rodriguez, 58 U.S.L.W. 4892 (U.S. 1990)
 
 
 [3]
 Contrary to the government's arguments, we held that the inevitable discovery doctrine did not apply and that there was no valid consent to the search. United States v. Thomas, 955 F.2d at 209-11
 
 
 [4]
 We note that in response to Thomas's motion, the government also states that it intends to retry Thomas on the prior crime
 
 
 [5]
 This statute provides a mandatory minimum sentence and thus, in this case the Sentencing Guidelines do not apply. See United States v. Crittenden, 883 F.2d 326 (4th Cir. 1989)