974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Derrick R. COOPER, Defendant-Appellant.
 No. 91-5365.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 4, 1992
Decided: August 27, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (CR-90-267)
 Coming B. Gibbs, Jr., Gibbs & Holmes, Charleston, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.C.
 Affirmed.
 Before WILKINSON, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Derrick Cooper appeals his conviction and sentence for causing a false statement to be made on a gun purchasing form, in violation of 18 U.S.C.A. § 2 (1988) and 18 U.S.C.A. § 924(a) (West Supp. 1992). Cooper was charged in a two-count indictment with causing Herbert Ford, Jr., to make a false statement on gun purchasing forms in August (count I) and December (count II) 1985, to effect a "straw man" purchase of weapons for Cooper using Ford's identification and signature. After jury verdicts of guilty on the first count and not guilty on the second, Cooper was given a suspended sentence, five years probation, and ordered to perform two hundred hours of community service.
 
 
 2
 Cooper argues on appeal that the district court abused its discretion in admitting evidence of prior straw man purchases under Fed. R. Evid. 404(b), and that his Sixth Amendment right to trial by an impartial jury was violated when the court selected three juries from the same jury venire for the three separate trials of Cooper and his brothers. We affirm.
 
 
 3
 * Evidence presented at Cooper's trial by pawn shop owner Larry Mikalis illustrated that Cooper and his brother, Donald, had come into Mikalis's shop on the day of the August 1985 offense, handled a particular gun, then later returned with Ford, who quickly selected that gun and filled out the necessary paperwork for the purchase. Mikalis also testified that Cooper and his brother had been in the store approximately five times in the thirty days preceding this incident to pick out handguns which someone else would then buy. Upon defense counsel's objection, the district court immediately gave a limiting instruction, instructing the jury that this testimony could not be considered proof of the indicted offense, but could potentially be used to show motive, intent, or other relevant matters.
 
 
 4
 Ford then took the stand and testified that Cooper had asked him to make the August 1985 purchase using his (Ford's) identification card. Ford agreed, accompanied Cooper to Mikalis's pawn shop, and filled out the necessary paperwork for the sale, signing his name as transferee. Ford was rewarded with a bag of cocaine. Cooper testified in his own behalf, denying that he had ever used Ford to make straw man purchases of weapons or that he ever gave Ford cocaine, and asserting that he was only casually acquainted with Ford through Ford's patronage of his family's store.
 
 II
 
 5
 Cooper first challenges the admission of Mikalis's testimony concerning other straw man purchases prior to the offense described in count I of the indictment. The government argues that the disputed testimony was admissible for a variety of reasons, including proof of motive (i.e., bypassing South Carolina's prohibition on purchasing more than one gun in a thirty-day period), knowledge of the gun purchasing application requirements, identity, common scheme or plan, and the absence of mistake or accident. We will overturn the district court's Rule 404(b) determination only if we find that its decision was "arbitrary or irrational." United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990).
 
 
 6
 Pursuant to Rule 404(b), evidence of other crimes or wrongs may not be admitted to show action in conformity therewith, but is admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Such evidence must also be necessary and reliable, and may not be offered to prove character. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). To be necessary, the disputed evidence must be "an essential part of the crimes on trial" or "furnish[ ] part of the context of the crime." Id. n.4 (citations omitted); see also United States v. Sanders, F.2d, No. 90-5073 (4th Cir. 1992). Evidence which is otherwise admissible under Rule 404(b) may nonetheless be excluded under Rule 403, if its probative value is outweighed by its prejudicial effect.
 
 
 7
 Section 924, under which Cooper was indicted, is a general intent statute. United States v. Udofot, 711 F.2d 831, 835-36 (8th Cir.), cert. denied, 464 U.S. 896 (1983). It was thus not necessary for the government to prove that Cooper knew he was breaking the law when he sent Ford to make the straw man purchase. The only issue before the jury was whether Cooper in fact caused Ford to make a false statement on the August 1985 gun purchasing form. Identity was never disputed, as Mikalis, Ford, and Cooper admitted knowing each other to varying degrees of familiarity, and this crime was not so unique as to constitute a "signature" crime. Absence of mistake or accident, a species of intent, was not at issue. Indeed, it is difficult to imagine how one might mistakenly or accidentally effect a straw man purchase. The government asserts that the disputed evidence established Cooper's knowledge of gun purchasing paperwork requirements, but as noted previously, that knowledge is not pertinent to the crime at issue.* See Sanders, 964 F.2d at 299 (prior convictions for assault inadmissible in trial for assault with dangerous weapon, where knowledge and absence of mistake not at issue).
 
 
 8
 The motive of bypassing South Carolina's gun purchasing statute might have been established by evidence that Cooper had personally purchased a gun in the thirty-day period before the August 1985 event, but this was expressly denied by Mikalis. Simply showing that other straw purchases were made did not establish that Cooper was acting to bypass the one gun per month limit of the state statute. Cf. United States v. Lewis, 780 F.2d 1140, 1142 (4th Cir. 1986) (evidence of prior altercation between victim and defendant admissible in assault prosecution as relevant to motive). Finally, the evidence of other purchases was not sufficiently related to the indicted offenses to establish a common scheme or plan.
 
 
 9
 Although the disputed testimony of other crimes did not clearly come within the 404(b) rule of admissibility, we find that the error, if any, in admitting the testimony was harmless in light of the district court's limiting instruction and other evidence of guilt. The court specifically instructed the jury that the testimony, if used at all, could not be considered as proof of the indicted offense. Absent evidence to the contrary, we presume that jurors heed the instructions given by the court. See United States v. Montoya, 891 F.2d 1273, 1286 (7th Cir. 1989). Moreover, the remaining evidence amply demonstrated Cooper's guilt. See Fed. R. Crim. P. 52(a). A new trial is not warranted.
 
 III
 
 10
 Cooper next challenges, on Sixth Amendment grounds, the district court's selection of three juries from one jury venire for the separate trials of himself and his two brothers. This argument is without merit. As there was no overlap in the membership of the three juries, the only potential for creating bias occurred when the three Cooper brothers were brought before the jury venire for the purpose of determining whether any potential juror was acquainted with them. There was no comment from the court on their relationship to one another or the charges which they each faced. On these facts, we discern no Sixth Amendment violation, and Cooper, by failing to prove actual prejudice, has failed to convince us otherwise. See United States v. Morales-Diaz, 925 F.2d 535, 538 (1st Cir. 1991) (actual prejudice requirement); United States v. Malloy, 758 F.2d 979, 982 (4th Cir.) (same), cert. denied, 474 U.S. 1009 (1985).
 
 
 11
 For those reasons noted above, we affirm Cooper's conviction. We dispense with oral argument because the facts and legal conten tions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 In any event, Cooper admitted that he had personally filled out the necessary gun purchasing forms on other occasions