7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arduino IGNAGNI, Defendant-Appellant.
 No. 93-5049.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 30, 1993.
Decided: September 21, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.
 Thomas N. Cochran, Assistant Federal Public Defender, for Appellant.
 James R. Dedrick, United States Attorney, John S. Bowler, Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Following his guilty plea, Arduino Ignagni was convicted of interfering with a flight crew in violation of 49 U.S.C.A. app. § 1472(j) (West 1976 & Supp. 1993). Finding that he recklessly endangered the safety of the passengers and aircraft on which he was travelling, the district court assigned him a base offense level of eighteen in accordance with United States Sentencing Commission, Guidelines Manual, § 2A5.2(a)(2) (Nov. 1992). Ignagni appeals, contending that the district court erroneously applied section 2A5.2(a)(2) to him. We find no merit in this claim; consequently, we affirm.
 
 
 2
 On August 7, 1992, Ignagni was a passenger on a Canadian Air Transit flight travelling from Colombia to Canada. As the crew prepared for a scheduled refueling stop in Wilmington, North Carolina, a drunken Ignagni began harassing the flight attendants. Chief flight attendant Gino Seli inspired Ignagni's particular wrath by confronting the passenger after he stole a bottle of rye from the bar and later telling Ignagni to fasten his seat belt "[j]ust before landing ... at the top of descent" into the North Carolina airport. After instructing Ignagni to fasten his seat belt, Seli entered the cockpit. Ignagni pursued Seli, pounding angrily on the cockpit door. When it opened, he grabbed Seli by the throat or collar and threatened to break his skull.[1]
 
 
 3
 A grand jury indicted Ignagni on one count of interfering with a flight crew, in violation of 49 U.S.C.A. app. § 1472(j). Ignagni pled guilty. Pursuant to U.S.S.G. § 2A5.2(a)(2), the district court sentenced him to twenty-four months in prison.
 
 
 4
 Under U.S.S.G. § 2A5.2(a)(2), a court must assign to a defendant convicted of violating § 1472(j) a base level offense of eighteen "if the defendant recklessly endangered the safety of the aircraft and passengers." Ignagni argues on appeal that the district court erred by applying this provision to him because he was not reckless and did not endanger the plane and passengers. The district court's factual findings cannot be disturbed unless they were clearly erroneous.[2] United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).
 
 
 5
 Ignagni claims that when he violated § 1472(j)[3] by engaging in disruptive conduct on the airplane, he was so intoxicated that he was incapable of recklessness. This Court has held that subjective awareness of the risk is not needed to prove murder based on reckless conduct, if the lack of awareness is due to voluntary intoxication. United States v. Fleming, 739 F.2d 945, 948 n.3 (4th Cir. 1984), cert. denied, 469 U.S. 1193 (1985). Ignagni intentionally consumed large quantities of alcohol on the airplane and also intentionally ingested antidepressant medication. Thus, he was intentionally intoxicated. See United States v. F.D.L., 836 F.2d 1113, 1117 (8th Cir. 1988) (voluntary consumption of marijuana and beer creates voluntary intoxication).
 
 
 6
 Moreover, we find that the district court was not clearly erroneous in finding that Ignagni's intoxication was not incapacitating and that his conduct endangered the safety of the flight. In spite of his intoxication, Ignagni was able to make his way to the front of the plane while it was preparing to land, pound on the cockpit door until it was opened, and then grab the flight attendant and articulate a specific threat while the pilot was inside the cockpit attempting to land the plane. The Federal Bureau of Investigation special agent who investigated the incident testified at the sentencing hearing that the pilot described Ignagni as out of control and dangerous and "certainly regarded him as a threat to the safety of the flight." In light of these facts, the district court's finding that Ignagni recklessly endangered the safety of the aircraft and the passengers was not clearly erroneous.
 
 
 7
 For these reasons, we affirm Ignagni's conviction and sentence. We deny Ignagni's request for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Ignagni remembers yelling at Seli, but claims that he does not remember pounding on the cockpit door
 
 
 [2]
 Because no Application Notes to U.S.S.G. § 2A5.2 exist and no case law construes this provision, Ignagni argues that the definition of the term "reckless" in the Application Notes to U.S.S.G. § 2A1.4 (Nov. 1992) should be applied. Note 1 explains that:
 "[r]eckless" refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation.
 U.S.S.G. § 2A1.4, comment (n.1). The Government does not challenge the applicability of this standard to section 2A5.2(a)(2).
 
 
 [3]
 Ignagni concedes that voluntary intoxication is not a defense to a general intent crime. See United States v. Lewis, 780 F.2d 1140, 1143 (4th Cir. 1986). Interfering with a flight crew or flight attendants under § 1472(j) has been held to be a general intent crime. United States v. Hicks, 980 F.2d 963, 974 (5th Cir. 1992), cert. denied, 61 U.S.L.W. 3652 (U.S. 1993); United States v. Meeker, 527 F.2d 12, 14 (9th Cir. 1975)